UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TAYLOR N LAVERGNE** | **CASE NO. 2:21-CV-04236** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HYUNDAI MOTOR CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Exclude Untimely Crash Tests and Expert Testimony, and Untimely Supplemental Reports" (Doc. 58) filed by Plaintiff, Taylor N. Lavergne.

## BACKGROUND

This lawsuit involves a rear-end collision that occurred December 19, 2019. Plaintiff was seated in the rear seat of a 2016 Hyundai Accent behind the driver when the vehicle was rear-ended by a modified 2013 Jeep Wrangler. The collision caused the rear seatback to push forward causing Plaintiff to be thrown face-first into the back side of the driver's seat.

The lawsuit was initially filed in state court on December 17, 2020, against the driver of the Jeep Wrangler and her insurer alleging negligence; the lawsuit also included Hyundai alleging violations of the Louisiana Products Liability Act ("LPLA").[1] The suit between Plaintiff, the driver and the driver's insurance carrier as to the negligence claims

---

[1] Doc. 6-1.

was resolved. Shortly thereafter, Hyundai removed the remainder of the case involving the LPLA to this Court.

The trial has been set for July 21, 2025, after two previous trial settings.[2] Plaintiff's expert deadline was set for March 24, 2025, and Hyundai's expert deadline was April 7, 2025.[3] On April 1, 2025, the lawsuit was against reset for trial on January 12, 2026,[4] however, Hyundai's expert deadline remained April 7, 2025.[5]

Hyundai provided the reports of its five liability experts Roger Burnett, Greg Webster, Jack Ridenour, Michael Carhart, and Geoff Germane to Plaintiff on April 7, 2025. On August 26, 2025, at Burnett's deposition, Plaintiff, through counsel, asserts that she became aware that experts, Ridenour, Carhart, and Germane had conducted two crash tests[6] on June 24, 2025 (the "June test") and September 15, 2025 (the "September test"). Ridenour and Germane issued supplemental reports prior to their depositions on October 17, 2025, and November 6, 2025. Plaintiff's counsel received the June test materials on September 19, 2025, and the September test on October 14, 2025.

## LAW AND ANALYSIS

Plaintiff's theory of liability is that a reasonable alternative design existed in this rear-end structures case.[7] Plaintiff claims that her injuries are due to a design defect in the

---

[2] Docs. 13 and 25.
[3] Doc. 37.
[4] Doc. 45.
[5] *Id.* Plaintiff's deadline had already passed.
[6]
[7] Doc. 6-1.

2016 Hyundai Accent in which she was travelling at the time of the crash. Plaintiff's experts will give opinions to support Plaintiff's theory.

Plaintiff complains that the two crash reports were untimely, noting that they were both conducted after Hyundai's deadline for expert reports had passed and they were both used by the experts to bolster and supplement their opinions. Plaintiff argues that Hyundai's untimely supplemental reports will prejudice their own experts, as their deadline long since passed. Additionally, Hyundai failed to move for leave to extend their expert deadline to supplement the reports, as required by this Court's Standing Order, and Hyundai fails to show good cause as to these last-minute crash tests and supplemental reports. Plaintiff moves to exclude the untimely crash reports and any supplemental reports, evidence, opinions, or statements that refer to these crash reports.

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose experts whom they may call to testify at trial. "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Federal Rule of Civil Procedure 26(a)(2)(B). Expert witness disclosures must be made "at the times and in the sequence that the court orders." Federal Rule of Civil Procedure 26(a)(2)(D).

The Court's "Addendum to Electronic Scheduling Order for Jury Trial" provides, in relevant part, as follows:

> **A. Expert Reports**: *The deadline for Plaintiff to identify expert witnesses and furnish reports set by the previous Scheduling Order [Doc. 37] has already passed as of March 24, 2025, and is not hereby reset.*
>
> Defendant shall furnish to plaintiff the names and written reports of any physician or other expert witness defendant intends to call no later than April 7, 2025 (105 days before trial). **No supplemental reports or additional expert witnesses will be permitted outside of these deadlines without leave of court upon a showing of good cause.** [8]

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The burden is on the party that did not comply with Rule 26 to show that the failure to comply was substantially justified or harmless." *Avina v. JP Morgan Chase Bank, N.A.,* 2010 U.S. Dist. LEXIS 7768, *2 (S.D.Tex 2/1/10).

The standard for determining whether to exclude untimely evidence in the matter of *Willis v. USAA Cas. Ins. Co.,* 2024 U.S. Dist. LEXIS 82599, *6-7 (W.D.La. 5/6/24) (internal citations and quotations omitted):

> To determine whether to exclude untimely evidence, district courts in the Fifth Circuit apply a four-factor test: (1) the explanation given for the failure to identify the witness, (2) the importance of the witness's testimony, (3) the potential prejudice to the opposing party in allowing the witness's testimony, and (4) the possibility that a continuance would cure such prejudices. Lastly, all factors are considered; no singular factor is dispositive in determining the admission or exclusion of the evidence. The court considers the four factors holistically and does not mechanically count the number of factors that favor each side.

---

[8] Doc. 37.

Plaintiff remarks that despite Hyundai's experts criticisms of Plaintiff's experts' test protocol, the Hyundai experts performed no testing of their own to demonstrate their opposing position that (1) had Plaintiff worn her seatbelt, she would not have been as injured as she was, and (2) had the striking vehicle, a modified 2013 Jeep Wrangler, had not been equipped with certain after-market modifications, the interaction between the two vehicles would have been less severe. Plaintiff contends that the two untimely crash reports and supplemental expert reports are Hyundai's attempt to address its expert reports' deficiencies. Plaintiff also argues that Hyundai's untimely tests and the supplemental reports are a new theory that is entirely absent from any of its experts' reports.

Plaintiff also informs the Court that the Hyundai's experts testified that they could have conducted the test at any time after the respective inspections of the subject vehicle and before the April 7, 2025, expert deadline.[9]

Hyundai agrees that the expert deadline was April 7, 2025, but notes that the parties engaged in a discussion about suspending expert discovery until after the summer to attempt mediation.[10] The parties participated in an unsuccessful mediation on July 29, 2025.[11] Hyundai suggests that it received the crash test report on August 21, 2025—one day prior to Plaintiff's expert depositions of Herbst and Kennett.[12] Hyundai complains that Plaintiff requested inspection of the Hyundai crash vehicles on October 10, 2025, and

---

[9] Plaintiff's exhibit M, Michael Carhart deposition, p. 96:2-97:17; Plaintiff's exhibit K, Geoff Germane deposition, p. 94:12-20, 99:16-100:15.
[10] Defendant's exhibit 1.
[11] Defendant's exhibit 3.
[12] Defendant's exhibit 4.

conducted that inspection on November 18, 2025.[13] Plaintiff suggests this is false, as it first requested dates for inspection from Hyundai on September 22, 2025, three days after it learned of Hyundai's crash test.[14]  However, Hyundai ignored that request, and thus Plaintiff again requested a date to inspect on September 30, 2025, and again on October 10, 2025.[15] Hyundai then responded with proposed available dates and on October 13, 2025, Plaintiff responded with the November 17th date to inspect.

Hyundai informs the Court that Plaintiff had all crash test data, reports and supporting documents before deposing Defendants' experts, Ridenour, Carhart, or Germane.[16] Hyundai notes that Plaintiff deposed Ridenour on October 17, 2025, Carhart on October 28, 2025, and Germane on November 6, 2025.  At each of these depositions, Plaintiff asked questions about the crash car testing.

Hyundai asserts that the details of the Plaintiff's test were not disclosed until the September deposition, and thus, the crash test could not be challenged before the April 7, 2025, expert report deadline. Plaintiff Hyundai's expert, Ridenour, testified that his observations of Plaintiff's crash test vehicles provided more information, and prior to Plaintiff's crash test, the expert would not have known what the objective of the crash test was at that time.[17]

---

[13] Defendant's exhibit 5.
[14] Plaintiff's exhibit C.
[15] Plaintiff's exhibits D and E.
[16] Defendant's exhibit 6.
[17] Defendant's exhibit 8, Ridenour deposition, pp. 41:22-42:22.

Plaintiff asserts that Defendant's claim that it first received Plaintiff's crash test report on August 21, 2025, is false, and in fact, Defendants received the Plaintiff's test report on March 24, 2025, attached as Exhibit E to Kelly Kennett's expert report.[18]

Hyundai also explains that its expert, Germane, testified that it faced practical and logistical hurdles to orchestrate a crash test program within a timely window, and thus it was not feasible to analyze Plaintiff's test, design a new test, schedule a crash test and then analyze the results in sufficient time after Plaintiff's report under the original schedule. He also testified that he had to first analyze Plaintiff's expert report to finalize his own opinions.

Plaintiff notes that Defendants asked to inspect Plaintiff's crash test vehicles on May 29, 2025, and conducted their inspection on June 18, 2025.[19]

Hyundai suggests that the parties did not agree to suspend expert discovery in April 2025, and notes that the minutes relied upon by Plaintiff states that counsel for Defendants "advised [they] will make [their] expert witness disclosures on of before 4/7/2025" and that "[n]otwithstanding the 'trial' continuance, defendants must make their expert witness disclosures on or before 4/7/2025."[20] Hence, Hyundai posits that this April 7, 2025, date did not reflect an agreement to suspend expert discovery.

Hyundai argues that because Plaintiff received the crash test reports, albeit one day prior to depositions, this gave them the opportunity to question the experts at length about

---

[18] Doc. 58-5.
[19] Plaintiff's exhibit A.
[20] Minutes, Doc. Rec. 45.

their crash test report and Plaintiff still have two months to prepare for the trial date. Therefore, Hyundai posits that Plaintiff is not prejudiced.

Lastly, Hyundai contends that the crash tests will not confuse or mislead the jury because its crash tests were not designed to evaluate any aspect of the front seat or the injury caused by collision in the driver's seat. Instead, the test evaluated the Hyundai vehicle's ability to withstand rear impact and the Jeep's override after impact. It also measured the vehicle's structural integrity and safety. However, Defendant's experts drew no conclusion about the removal of the front seat because the test did not seek to test the impact of force with which Plaintiff collided with the front seat.

Here, the Court set expert report deadlines that Hyundai chose to ignore. The Court finds that the untimely supplemental report would significantly prejudice Plaintiff at trial. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Untimely Crash Tests and Expert Testimony, and Untimely Supplemental Reports (Doc. 58) filed by Plaintiff, Taylor N. Lavergne is **GRANTED,** and the Ridenour and Germane supplemental reports will be excluded at the trial of the matter.

**THUS DONE AND SIGNED** in Chambers on this 10th day of December, 2025.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**