UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TAYLOR N LAVERGNE** | **CASE NO. 2:21-CV-04236** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HYUNDAI MOTOR CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Exclude the Cumulative Testimony of Jack Ridenour and Geoff Germane" (Doc. 66) filed by Plaintiff. Plaintiff, through counsel, maintains that the testimony of Hyundai's expert Jack Ridenour's testimony is duplicative of its accident reconstructionist, Geoff Germane. Plaintiff also moves to exclude Geoff Germane's kinematics testimony, which Plaintiff maintains is duplicative of the testimony Hyundai intends to offer via its occupant kinematics expert, Michael Carhart.

## BACKGROUND

This lawsuit involves a rear-end collision that occurred December 19, 2019. Plaintiff was seated in the rear seat of a 2016 Hyundai Accent behind the driver when the vehicle was rear-ended by a modified 2013 Jeep Wrangler. At time of the accident, Plaintiff was seated in the left rear seat; she was not wearing a seatbelt. The right front wheel of the Jeep drove over the rear bumper and into the trunk of the Hyundai during the accident.[1] The collision caused the rear seatback to push forward causing Plaintiff to be thrown face-first into the back side of the driver's seat.

---

[1] Defendant's exhibit 1, Kelly Kennett deposition, pp. 53:23-54:14.

The lawsuit was initially filed in state court on December 17, 2020, against the driver of the Jeep Wrangler and her insurer alleging negligence; the lawsuit also included Hyundai alleging violations of the Louisiana Products Liability Act ("LPLA").[2] The suit between Plaintiff, the driver and the driver's insurance carrier as to the negligence claims was resolved. Shortly thereafter, Hyundai removed the remainder of the case involving the LPLA to this Court.

## LAW AND ANALYSIS

Plaintiff's Motion in Limine seeks to exclude alleged cumulative testimony of experts. Defendants have identified three experts: Jack Ridenour, Geoff Germane and Michael Carhart. Plaintiff argues that the experts retained by Hyundai to testify at the trial of this matter will offer testimony that is in the same discipline and offers duplicative opinions.

Relying on Defendant's expert disclosures, Plaintiff asserts that Germane is expected to render opinions in the areas of accident reconstruction and occupant kinematics, vehicle testing, and vehicle restraint systems; Carhart is expected to render opinions in the areas of biomechanics, occupant kinematics, occupant protection, injury causation, and injury mechanism; Ridenour is expected to render opinions in the areas of vehicle design, manufacturing practices, vehicle safety, vehicle testing, and crashworthiness issues surrounding the vehicle structure; Burnett is expected to render opinions in the areas of vehicle design, seats, restraint systems, rear end structures, and

---

[2] Doc. 6-1.

other crashworthiness issues; and Webster is expected to render opinions in the areas of design, development, manufacture, and testing.[3] Plaintiff complains that some of the expert reports and testimony are replete with opinions that are redundant.

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Federal Rule of Evidence 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id*. at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. Jan. 17, 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id*.; accord *Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017).

---

[3] Plaintiff's exhibit A.

A district court has discretion to exclude testimony which is merely repetitious and cumulative of testimony already introduced. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985); Federal Rule of Evidence 403.

Plaintiff complains that Germane, Defendant's expert accident reconstructionist will testify how the wreck happened and how the vehicle structures interacted with one another, and Ridenour likewise offers his accident reconstruction analysis regarding how the wreck happened and how the vehicles structures interacted with one another.

Plaintiff complains that (1) both Germane and Ridenour will offer opinions of flaws in Plaintiff's accident crash test, and (2) both Germane and Carhart will offer opinions on kinematics concerning the locations of the occupants in the Hyundai Accent and the way the occupants interacted and moved inside the Accent during the wreck.

Plaintiff argues that the duplicative opinions/testimony will waste time in the one-week trial, needlessly present cumulative evidence, and unfairly prejudice Plaintiff by inducing jurors to make decisions based on counting heads rather than evaluating the quality and credibility of the testimony. Plaintiff requests that the Court limit these duplicative experts' testimony to either or, not both.

Defendant acknowledges that there may be some overlap in its experts' testimony, but remarks that each of these experts' will testify in their own distinctive fields of expertise. Defendant argues that each expert will approach the issue and accident from a different vantage point that is sufficiently distinct. The Court notes that each of the experts' testimony have a distinct purpose and that they may rely on each other's report as they draw their own conclusions. See *Chrimar Sys., Inc. v. ADTRAN, Inc.*, 2016 WL 11746545,

at *2 (E.D. Tex. Nov. 7, 2016); *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field.").

Defendants remark that these experts will be testifying about discrete areas that are different and that the overlap is foundational testimony. The Court agrees that there can be some overlap but will defer ruling until the trial of this matter to determine if the experts' testimony is indeed duplicative and a waste of the Court's time. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude the Cumulative Testimony of Jack Ridenour and Geoff Germane (Doc. 66) is **DENIED** at this time and will be deferred until the trial of this matter.

**THUS DONE AND SIGNED** in Chambers on this 10th day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**