UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TAYLOR N LAVERGNE** | **CASE NO. 2:21-CV-04236** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HYUNDAI MOTOR CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

MEMORANDUM ORDER

Before the Court is "Hyundai Motor Company and Hyundai Motor America's Motion in Limine No. 2 to Exclude Evidence on other Similar Incidents" (Doc. 67).

BACKGROUND

This lawsuit involves a rear-end collision that occurred December 19, 2019. Plaintiff was seated in the rear seat of a 2016 Hyundai Accent behind the driver when the vehicle was rear-ended by a modified 2013 Jeep Wrangler. At time of the accident, Plaintiff was seated in the left rear seat; she was not wearing a seatbelt. The right front wheel of the Jeep drove over the rear bumper and into the trunk of the Hyundai during the accident.[1] The collision caused the rear seatback to push forward causing Plaintiff to be thrown face-first into the back side of the driver's seat.

The lawsuit was initially filed in state court on December 17, 2020, against the driver of the Jeep Wrangler and her insurer alleging negligence; the lawsuit also included Hyundai alleging violations of the Louisiana Products Liability Act ("LPLA").[2] The suit between Plaintiff, the driver and the driver's insurance carrier as to the negligence claims

---

[1] Defendant's exhibit 1, Kelly Kennett deposition, pp. 53:23-54:14.
[2] Doc. 6-1.

was resolved. Shortly thereafter, Hyundai removed the remainder of the case involving the LPLA to this Court.

## LAW AND ANALYSIS

Plaintiff alleges that she was injured during the subject collision when she "was forced into the back of the driver's seat" of the Hyundai Accent when the Jeep Wrangler rear-ended the Hyundai.[3] Specifically, Plaintiff alleges that "[t]he rear end structural components of the 2016 Hyundai Accent failed to maintain the integrity of the Plaintiff's occupant compartment (i.e., her survival space)" during the rear-end collision."[4] During the accident the right front wheel of the Jeep drove over the rear bumper and into the trunk of the Hyundai.[5] Plaintiff's expert, Kelly Kennett refers to this occurrence as an "override."[6] Plaintiff's expert, Brian Herbst, opines the he has obtained information on other "2012-2017 Hyundai Accents involving foreseeable rear impact accidents."[7] Based on these rear impact accidents, Herbst opines that "Hyundai is aware of these accidents that should reiterate the importance in a rear impact."[8]

Defendant anticipates that Plaintiff will attempt to offer these "similar" incidents or accidents to establish either a product defect or causation. Defendants maintain that these "similar" incidents or accidents are inadmissible pursuant to Federal Rule of Evidence 403 because they are not sufficiently similar, and thus not relevant.

---

[3] Complaint, ¶ 5. Doc. 1-1.
[4] *Id.* ¶ 14.
[5] Defendant's exhibit 1, Kelly Kennett deposition, pp. 53:23-54:14.
[6] *Id.* p. 57:5-25.
[7] Defendant's exhibit 2, Herbst report, p. 18.
[8] *Id.*

Specifically, Defendants suggest that (1) details of other incidents are irrelevant and immaterial to the issues in this case; (2) any probative value is substantially outweighed by the prejudice, confusion and prolongation of the trial and (3) allegations and limited information from some other accident constitute inadmissible hearsay.

Federal Rule of Evidence 401 defines "'[r]elevant evidence' ... [as] evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 401. Rule 403 provides that: [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Federal Rule of Evidence 403.

Defendants complain that despite Herbst's opinion, he did not off any testimony for support as to these similar rear impact accidents, but only referred to an MIT database that was not cited in his report.[9] Plaintiff states that Herbst's report not only provides detail as to each of the accidents, but that one of the accidents came from a litigation file that Herbst's engineering firm had that included the case name, date of the incident, year and vin number of the Hyundai Accent, identification of the vehicle that rearended the Accent (year, make, and model), and a photograph of the two vehicles after the wreck. For the other five incidents, his report includes the date of each incident, the year of the Hyundai

---

[9] Defendant's exhibit 2, p. 18; Defendant's exhibit 3, Herbst Deposition, p. 100:2-8.

Accent involved in each incident, post-crash photographs of the Accents involved in each incident, identification (year, make and model) of the vehicle that rearended the Accent in each incident, and the Crash Investigation Sampling System ("CISS") case number for each incident.[10] In the automobile industry, the CISS is a well-known database of the National Highway Traffic Safety Administration's ("NHTSA") crash investigation data and the CISS case number provides public access to all data and information collected by the NHTSA in each incident.

Additionally, Plaintiff remark that prior to Herbst's deposition and in response to a document request for his entire file, Herbst's provided Defendants with the assist files for each incident, which provide even more information than what was in his report.[11]

Defendants argue that the six incidents are not substantially similar because they do not involve the exact same vehicles and/or substantially similar circumstances concerning the crash. "When evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are "closely similar" to the facts of circumstances at issue. *Johnson v. Ford Motor Co.*, 988 F.2d 573 (5th Cir. Apr. 19, 1993) (citing *McGonigal v. Gearhart Industries, Inc.*, 851 F.2d 774, 788 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082-83 (5th Cir. 1986).

---

[10] Plaintiff's exhibit 2, Herbst report, pp. 20-21, doc. 65-3.
[11] Plaintiff's exhibit A, Herbst deposition, pp. 100-102, Doc. 58-3.

Plaintiffs maintain that Herbst's finding and opinions support Plaintiff's claim that the rear structural design of the subject Hyundai was defectively vulnerable, resulting in the override and crush into Plaintiff's occupant space. Additionally, the purpose of these similar accidents is to show that Defendants were on notice of the defect.

Plaintiff, through Herbst's findings, intends to offer a proposed alternative design, an anti-override and anti-crush structure incorporated into the rear of the vehicle.[12] Plaintiffs remark that Herbst's alternative design essentially mimics the means of enhanced structural integrity that Defendants used in designing the front of the subject Hyundai.[13] Additionally, the front of the subject Hyundai had low frame rails, shotguns, and upper frame rails (anti-override and anti-crush components), while the rear only had the lower frame rails.[14]

Defendants argue that Plaintiff has failed to show that any other incident involved a 2016 Hyundai Accent, in a similar configuration and condition that was subject to the same type of collision and a similar striking vehicle. Defendants note that the Jeep was a much larger vehicle equipped with a large after-market bumper guard that literally drove up and over the Hyundai. Defendants point out that Herbst knows nothing about the striking vehicles in the similar accidents such as weights, condition, or after-market modifications, other than general identification.

Defendants also challenge the crash factors including the weight of the striking vehicles, after-market modifications, the speeds of the vehicles, and the nature of the crash

---

[12] Doc. 58-3, pp. 89-90.
[13] *Id.*
[14] *Id.*

itself, such as the orientation of the impact. Defendants note that one of the accidents did not involve an impact with another vehicle. It involved striking an embankment. Another incident involved a striking in which both vehicles' bumpers were aligned unlike the subject striking where the Jeep's bumper was higher than the Accent's bumper causing the Jeep to override the Accent.

Because the similar accidents are not substantially similar, Defendants argue that Plaintiff's purported similar accidents will have a prejudicial effect on the jury which outweighs any relevance.

Next, Defendants maintain that the alleged defects in the purported similar accidents are not the same type, which is necessary as a matter of relevance. *Gumbs v. International Harvester, Inc.*, 718 F.2d 88, 97-98 (3rd Cir. 1983). Defendants note that none of the other crashes include a description of the defect, nor is a defect identified.

The question of admissibility of substantially similar accidents is necessarily determined on a case-by-case basis, with consideration to be given to "any number of factors, including the product or component part in question, the plaintiff's theory of recovery, the defenses raised by the defendant, and the degree of similarity of the products and of the other accidents." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 426 (5th Cir. 2006). However, it does not require an exact match. *Green v. Schutt Sports Mfg. Co.*, 369 F. App'x 630, 638 (5th Cir. 2010).

In a product liability case, the "substantially similar" predicate for the proof of similar accidents is defined "by the defect or . . . product[] at issue." *Atl. Specialty Ins. Co. v. Porter, Inc.*, No. 15-570, 2016 U.S. Dist. LEXIS 149634, at *5 (E.D. La. Oct. 28, 2016)

(citing *Jackson*, 788 F.2d at 1083 (internal parenthetical omitted)). One of Hyundai's defenses is that it "...could not have known of the design characteristic that allegedly caused petitioner's damages or the danger of such characteristic..."[15] To support this defense, Hyundai's experts have opined that it was the Jeep's aftermarket modification that caused the override and crush.

The "substantial similarity" requirement is relaxed to "reasonable similarity" if the earlier accident is offered only to show defendants' awareness of an arguably dangerous condition. *Johnson*, 988 F.2d at 580; *Willis v. Kia Motors Corp.*, No. 07-062, 2009 U.S. Dist. LEXIS 71099, 2009 WL 2351766, at *1 (N.D. Miss. July 29, 2009) ("[O]nly 'reasonably similar' incidents will be admissible for the purpose of establishing notice."); see also *Young v. Ill. Cent. Gulf R.R. Co.*, 618 F.2d 332, 339 (5th Cir. 1980) (noting that evidence of earlier accidents offered for the "sole purpose" of showing that defendant had notice of an "arguably dangerous" condition can be considered by the jury for the purpose of determining whether a reasonably prudent entity would have taken precautions against future accidents). *Atl. Specialty Ins. Co. v. Porter, Inc.*, No. 15-570, 2016 U.S. Dist. LEXIS 149634, at *3-5 (E.D. La. Oct. 28, 2016).

Courts have generally found that when accidents or occurrences involve the same defect and the same product model, there is substantial similarity. See, e.g., *Soden v. Freightliner Corp.*, 714 F.2d 498, 508 (5th Cir. 1983) (finding substantial similarity between two fires with same model truck and same allegedly defective fuel system);

---

[15] Doc. 6-1, p. 76.

*Scordill v. Louisville Ladder Group, LLC*, No. 02-2565, 2004 U.S. Dist. LEXIS 2359, 2004 WL 307475, at *13 (E.D. La. Feb. 17, 2004) (finding substantial similarity between two occurrences of falls from a ladder, both manufactured with the same allegedly defective fiberglass); see also *Nester v. Textron, Inc.*, No. 13-920, 2015 U.S. Dist. LEXIS 155386, 2015 WL 7272249, at *4 (W.D. Tex. Nov. 17, 2015) (collecting additional cases).

Plaintiff remarks that Herbst's similar accidents involved the same model Hyundai as the subject Hyundai, the same rear structural design, a collision to the rear of the Hyundai, damage to the rear of the Hyundai, and the same rear structural defect of which Plaintiff alleges.[16]

In his conclusion, Herbst opined that:

- The design of the subject 2016 Hyundai Accent is defective and unreasonably dangerous, and therefore not crashworthy, due to an inadequate occupant protection system for rear impacts. Specifically, it employs a structurally inadequate rear design that allows excessive intrusion in a very foreseeable and low severity rear impact crash environment.

- At the time of design and manufacture of the 2016 Hyundai Accent, alternate rear designs were feasible and practically available that would have resulted in a non-defective rear structure with minimal rearward crush susceptibility.

- Hyundai failed to dynamically test or design the 2016 Hyundai Accent rear structure for an override collision.

The Court has reviewed the Herbst report that includes information and photographs of the purported similar accidents. While the striking vehicles were not the same, and there were various Hyundai Accent year models, the Court is persuaded that the accidents are

---

[16] Plaintiff's exhibit 2, Herbst Report., pp. 20-21, Doc. 65-3.

sufficiently similar. The models involved are similar (2011-2017), the alleged defects are the same, and the rear impacts, though not exact, are sufficiently similar. As such, the Court is persuaded that Plaintiff has met her burden of proving that these accidents are substantially similar or at the very least, reasonably similar. Accordingly,

**IT IS ORDERED** that Hyundai Motor Company and Hyundai Motor America's Motion in Limine No. 2 to Exclude Evidence on other Similar Incidents (Doc. 67) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 10th day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**