UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TAYLOR N LAVERGNE** | **CASE NO. 2:21-CV-04236** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **HYUNDAI MOTOR CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Hyundai Motor Company and Hyundai Motor America's Motion to Exclude Opinions and Testimony of Brian Herbst Under Fed. R. Evid. 702" (Doc. 68).

## BACKGROUND

This lawsuit involves a rear-end collision that occurred December 19, 2019. Plaintiff was seated in the rear seat of a 2016 Hyundai Accent behind the driver when the vehicle was rear-ended by a modified 2013 Jeep Wrangler. The collision caused the rear seatback to push forward causing Plaintiff to be thrown face-first into the back side of the driver's seat.

The lawsuit was initially filed in state court on December 17, 2020, against the driver of the Jeep Wrangler and her insurer alleging negligence; the lawsuit also included Hyundai alleging violations of the Louisiana Products Liability Act ("LPLA").[1] The suit between Plaintiff, the driver, and the driver's insurance carrier as to the negligence claims

---

[1] Doc. 6-1.

was resolved. Shortly thereafter, Hyundai removed the remainder of the case involving the LPLA to this Court.

## LAW AND ANALYSIS

Plaintiffs have designated Brian Herbst as their mechanical engineering expert. Defendants seek to exclude (1) Herbst's opinions premised on "SAFE's Alternative Design Rear Impact Test," and (2) Herbst's opinions regarding a proposed alternative design for the vehicle at issue. Defendants argue that Herbst's opinions are inadmissible, and Herbst should be barred from testifying on these matters because (1) his opinions premised on SAFE's Alternative Design Rear Impact Test was not substantially similar to the subject accident and will mislead the jury, and (2) Herbst's proposed alternative design offers that include multiple design "options," is insufficiently precise and unhelpful for the jury. Additionally, Herbst's crash testing (the "Herbst/Kennett" test) concerning an alternative design, premised on Plaintiff's exemplar vehicle, is not sufficiently reliable.

The Court will not address in this Memorandum Order Defendants' arguments concerning whether the Herbst/Kennett test was substantially similar. That issue has been addressed in the Court's Memorandum Order deciding "Hyundai Motor Company and Hyundai Motor America's Motion in Limine to Exclude Evidence on Experts Herbst and Kennett's Rear Impact Testing and Alternative Design."[2]

---

[2] Doc. 65.

In his report, Herbst opined that "[w]ith the amount of rear crush that occurred in the accident, the subject vehicle failed to maintain an acceptable survival space."[3] Herbst also states that he "could design a rear structure to be much stronger, not much more expensive or heavy, just as attractive and able to dramatically reduce crush and prevent serious occupant injury in a rear impact crash," compared to the subject vehicle.[4] To that end, Herbst outlines various methods to improve a vehicle's rear strength:

- "Replacing low-strength steel with high-strength steel (i.e. Boron steel is five times stronger than conventional steel)";

- "Implementing and/or improving load paths";

- "Implementing internal reinforcements, including tubular steel reinforcements";

- "Implementing external reinforcements, such as stiffening ribs or doublers"; and

- "Reinforcing component voids with structural foam[.]"[5]

Herbst opines that each of these modification methods "employ basic engineering principles which are standard industry practices" and that all of the methods "were technologically and economically feasible at the time of the manufacture of the accident vehicle."[6] Additionally, his list of modification options "can be mixed and matched as

---

[3] Plaintiff's exhibit 2, Herbst report, p. 7, Doc. 68-3.
[4] *Id.* p. 14.
[5] *Id.* p. 14.
[6] *Id.*

desired," and "[i]t is not necessary for all the modification options to be incorporated to produce a strong and non-defective rear structure."[7]

Defendants argue that Herbst's opinions regarding his alternatively designed Hyundai are unreliable and therefore inadmissible because Herbst employed a variable design approach rather than a single design alternative.

702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Federal Rule of Evidence 702.

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on

---

[7] *Id.*

challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based. The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002). "The role of the trial court is to serve as the gatekeeper for expert testimony b making the determination of whether the expert opinion is sufficiently reliable." *Stewart v. Family Dollar, Inc.*, 2025 WL 2787898, at *5 (M.D. La. Sept. 11, 2025).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting Daubert, 509 U.S. at 596).

Herbst offered as an alternative design an exemplar 2012 Hyundai Accent reinforced with a combination of higher-strength steel, additional welding and expanding

rigid foam.[8] Herbst opined that his exemplar alternative design need not be employed in its entirety, but that his proposed "strength improvement design options can be mixed and matched as desired," and that "[i]t is not necessary for all the modification options to be incorporated to produce a strong and non-defective rear structure."[9]

Defendants complain that Herbst is not committed to one alternative design, and that he could not identify the strength of steel used in any other comparator vehicle.[10] They also complain that Herbst did not do an exhaustive search to identify comparator vehicles that use the additional materials he suggests in his alternative design,[11] and he could not identify a single vehicle on the market with a rear structure he used in Plaintiff's exemplar vehicle.[12] Defendants complain that Herbst offers no measurements, testing, or other quantification to support his assertion that "mix[ing] and match[ing]" his proposed modifications would result in a "strong ad non-defective rear structure."[13]

Defendants remark that Herbst's opinion includes any unspecified combinations of his five proposed modification methods for a "non-defective rear structure." Defendants argue that this noncommittal approach would prejudice Defendants because Herbst has not established that any one of those methods individually "was capable of preventing the claimant's damage." See *Vallee v. Crown Equip. Corp. of Ohio*, 2022 WL 179532, at *5-

---

[8] *Id.*
[9] *Id.* p. 14.
[10] Defendant's exhibit 4, Herbst deposition, p. 71:2-21.
[11] *Id.* pp. 73:13-74:11.
[12] *Id.* pp. 74:12-75:6.
[13] Defendants' exhibit 2, Herbst report, p. 14.

7 (E.D. La. Jan. 20, 2022) (citing La. Rev. Stat. § 9:2800.52). ("This noncommittal approach to expert design opinions is a problem."). Defendants assert that the Fifth Circuit has explained that "when plaintiff's design experts do 'not reach[ ] any concrete conclusions about the best design alternative,' and 'never specif[y] which design [they] plan[ ] to support at trial,' the manufacturer is deprived of 'sufficient opportunity, before trial, to prepare a reply to the proposed opinions.'" *Id*. at \*7 (quoting *Guy v. Crown Equip. Corp*., 394 F.3d 320, 327 (5th Cir. 2004)).

In her opposition, Plaintiff informs the Court that Herbst will testify as to only the alternative design used in Plaintiff's Rear Impact Test (the "Herbst/Kennett" test). As such, Defendants ask the Court to grant their motion as to "mix and match" opinions regarding design options. The Court agrees with Defendant here that the mix and match opinions are problematic and should not be permitted at the trial of this matter.

Next, Defendants contend that Plaintiff's Rear Impact Test (the "Herbst/Kennett" test) is unreliable due to its position that Plaintiff's Rear Impact Test was not substantially similar to the subject collision and that Plaintiff failed to show that another way to design the product existed.  As noted hereinabove, the Court will not address this issue; the Court issued a previous Memorandum Order that found that there was substantial similarity and that non-compliance with FMVSS 301-R does not justify exclusion of the alternative design.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that Hyundai Motor Company and Hyundai Motor America's Motion to Exclude Opinions and Testimony of Brian Herbst Under Fed. R. Evid. 702 (Doc. 68) is **GRANTED** only to the extent that Plaintiff's expert, Herbst will be prohibited from testifying or offering any evidence of a variable design approach ("mix and match"); otherwise, the Motion is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 12th day of December, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**